```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAAH AHMED SHAHADI EL,

                    Plaintiff,
                                                ORDER
          -against-                             21-CV-2502(JS)(JMW)

ALYSSA TUTTHILL, D W TUTTHILL,
RESIDENCE OF TUTTHILL,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shaah Ahmed Shahadi El, pro se
                    c/o 26 Calverton Court
                    Calverton, New York 11933

For Defendants:     No appearances.
```

SEYBERT, District Judge:

By Order dated January 13, 2023, the Court re-opened this case and granted the renewed application to proceed <u>in forma pauperis</u> ("IFP") filed by <u>pro se</u> plaintiff Shaah Ahmed Shahadi El ("Plaintiff"). (<u>See</u> ECF No. 10.) Upon review in accordance with the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for the reasons that follow, the Complaint (ECF No. 1) is <u>sua sponte</u> DISMISSED for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

BACKGROUND

Plaintiff's sparse Complaint is submitted on the Court's general complaint form and names Alyssa Tutthill, DW Tutthill, and the Residence of Tutthill (collectively, "Defendants"), each of which are alleged have the same residential address in Suffolk County, New York.[1] (Compl., ECF No. 1, at 1-2.) Plaintiff seeks to invoke this Court's federal question subject matter jurisdiction, (id. ¶ II), and, in the space on the form Complaint that asks for the "specific federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case", Plaintiff wrote:

> Declaration of Rights of Indigenous People – United Nations.  Treaty of Amity and Commerce 1786, 1787, 1861.  Universal Declaration of Human Rights – United Nations.  Free Moorish American Zodiac Constitution, Article 2, Paragraph 2.  United States Supreme Court: Supreme Law – Act of State.  Instrument number 2021020192

(Id. ¶ II.A.) In the space on the form Complaint that asks for "a short and plain statement of the claim," Plaintiff alleges, in entirety, the following,:

> Residents of Tutthill Family falsely accused and imprisoned me for trespassing at my domicile, since the month of March until the present day the residents at the Tutthills has deprived me of Land, home and property.  Damaged/lost property.

---

[1] Plaintiff also alleges that he and Alyssa Tutthill are citizens of New York state. (Id. ¶ II. B. 1-2.)

(Compl., ¶ III.)  Where prompted to "state briefly and precisely what damages or other relief" is sought, Plaintiff responded:

> As of March 5th, 2021 to present day. Temporary detention, obstruction, or restraint (without warrant) $1,000.00 per minute.  Taking, theft, deprivation of property $100,000.00 per day.  Removal from Land/Home taken under color of law $250,000.00 per min[.]  Property trespass, theft and interference with commerce $250,000.00 per minute.  Minimum of $5,000,000,000.00.

(Id. ¶ IV.)  In addition, in the space on the form Complaint that asks for the "Amount in Controversy", Plaintiff wrote:

> 2021020192 Harassment, coercion, duress and threat. Property trespass and removal from land/home taken under color of law.  Taking, theft and deprivation of property. Temporary detention, obstruction or/and restraint without a warrant.

(Id. ¶ II. B. 3.)

## DISCUSSION

I. Legal Standards

  A. Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable

3

basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557). Further, a pleading that only "tenders naked assertion[s]

4

devoid of further factual enhancement" will not suffice. Id. at 678 (internal quotation marks and citation omitted). Consequently, a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021) (Seybert, J.).

    B.   Application

As is readily apparent, Plaintiff's Complaint is incoherent and difficult to decipher. As a threshold matter, the cited authorities upon which Plaintiff relies to invoke this Court's subject matter jurisdiction do not provide a cause of action. See Ali v. Wuchte, No. 22-CV-01532, 2022 WL 3708844, at *3 (E.D.N.Y. Aug. 25, 2022) ("Plaintiff brings this action pursuant to the United Nations Declaration of Rights on Indigenous People and the 1787 Moroccan-American Treaty of Peace and Friendship ("Treaty of Peace and Friendship") . . . . However, neither the United Nations Declaration nor the Treaty of Peace and Friendship to which Plaintiff refers provide a basis for relief.") (citing Powell v. N.Y.S. Dep't of Educ., No. 18-CV-7022, 2022 WL 900605, at *5-8 (E.D.N.Y. Mar. 28, 2022) (holding that "neither the United Declaration on the Rights of Indigenous Peoples and Treaties of Peace and Friendship of 1787 and 1836 give rise to any causes of

5

action")); Bey v. Furman, No. 21-CV-4090, 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021) (holding that the Treaty of Peace and Friendship does not provide a basis in law for plaintiff's legal claim); New York v. Vidal-Bey ex rel. Jones-Rogers, No. 22-CV-3529, 2022 WL 3867751, at *2 (E.D.N.Y. Aug. 30, 2022) ("[T]he Treaty of Peace and Friendship does not provide a basis for the Court's jurisdiction.").

In light of Plaintiff's pro se status and in an abundance of caution, the Court has considered Plaintiff's Complaint, liberally construing it.  Upon such liberal construction and review, however, the Court finds no basis to invoke this Court's subject matter jurisdiction.  The facts do not give rise to any proper federal claims and, given that Plaintiff and Alyssa Tutthill (and presumably the other Defendants) are alleged to be citizens of New York, the Court's diversity jurisdiction does not lie. Accordingly, given that there is no basis to invoke this Court's subject matter jurisdiction, the Complaint is DISMISSED pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

II.  State Law Claims

Given the absence of a federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental

jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."). Plaintiff may pursue any valid state law claim he may have in state court.

III. Leave to Amend

In concert with Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted. Upon such consideration, the Court finds that the defect in Plaintiff's claims is substantive and cannot be cured in an amended complaint. Accordingly, leave to file an Amended Complaint would be futile; therefore, such leave is DENIED.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is sua sponte DISMISSED for lack of subject

7

matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall ENTER JUDGMENT accordingly and MARK THIS CASE CLOSED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 12, 2023
       Central Islip, New York